UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BERNARDO ACOSTA,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | CIVIL NO. 1-21-CV-615-LY |
| § | |
| **WILLIAMSON COUNTY, TEXAS, and** § | |
| **JAILERS 1-10,** § | |
| *Defendants* § | |

**O R D E R**

Now before the Court are Plaintiff's Opposed Motion for Leave to Conduct Limited Document and Recordings Discovery from the Texas Commission on Jail Standards, filed September 2, 2021 (Dkt. 19); Defendant Williamson County, Texas' Response, filed September 9, 2021 (Dkt. 25); and Plaintiff's Reply, filed September 14, 2021 (Dkt. 26). The District Court referred the motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 28.

**I.   General Background**

On May 27, 2021, Plaintiff Bernardo Acosta was arrested in Williamson County, Texas for the offense of driving while intoxicated. Plaintiff alleges that while he was detained for one night in Williamson County Jail., Williamson County officers failed to provide him with mental health and medical care for his alleged Post Traumatic Stress Disorder and sleep apnea. Plaintiff also alleges that the officers intentionally slammed his finger in the jail door. On July 12, 2021, Plaintiff filed this suit against Williamson County and "Unknown Jailers 1-10," alleging violations of the United

States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and various state law claims. Dkt. 1 at 1.

On August 30, 2021, Williamson County filed a partial motion to dismiss several of Plaintiff's claims. Dkt. 13. On September 8, 2021, Plaintiff filed an Amended Complaint asserting the same claims as in his Original Complaint, but adding Williamson County employees Alyssa Hoffman, Jose Valyssa, Lyssa Hoffman, Jose Garza, Ariel Korn, Ruben Vela, and Fernando Morales. Dkt. 22. In light of the Amended Complaint, the District Court dismissed Williamson County's partial motion to dismiss "without prejudice to refiling a motion that addresses the new live complaint." Dkt. 24.

On September 21, 2021, the District Court denied Plaintiff's motion to compel a premature "Conference of the Parties" under Federal Rule of Civil Procedure 26(f), finding that under Local Rule 16(c), the parties were not required to meet and confer and submit to the Court a proposed schedule until November 1, 2021. Dkt. 27. However, the District Court granted Plaintiff's motion to extend the deadline under Rule 4(m) to serve any defendants "that have not been served" from October 10, 2021, to January 8, 2022. Dkt. 18. The District Court also extended the deadline for Williamson County to file an answer under Rule 12 until 14 days after the District Court ruled on the partial motion to dismiss. Dkt. 17.

## II.  Analysis

Because the parties have not conducted a Rule 26(f) conference, Plaintiff seeks expedited discovery under Rule 26(d)(1) for the alleged purpose of identifying "all responsible Defendants, including the Individual Jailers who assaulted him and failed to provide him with treatment." Dkt. 19 at 1. Plaintiff argues that expedited discovery is needed because the service deadline "is currently October 11, 2021." *Id.* at 2. Specifically, Plaintiff seeks information from non-party the Texas Commission on Jail Standards regarding Plaintiff's detainment on May 27, 2021. *Id.* at 5.

**A. Good Cause Standard**

Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Although the Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, district courts in the Fifth Circuit employ a "good cause" standard to determine when to exercise their authority to order expedited discovery. *See Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *4 (5th Cir. Aug. 23, 2021) (per curium) ("In the Southern District of Texas—where this case originated—courts employ a good cause standard to determine when to exercise their authority to order expedited discovery."); *Red Lion Renew Ables, LLC v. Haff*, No. 5:19-CV-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (noting that "the majority of courts considering the issue have adopted a 'good cause' standard"); *see also* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2046.1 (3d ed. 2021 Update) ("[I]t is implicit that some showing of good cause should be made to justify such an order.").

To determine "good cause," courts consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Stockade Cos. v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored. *Id.*

### B. Plaintiff Has Failed to Show Good Cause

Plaintiff has failed to demonstrate good cause for the expedited discovery. First, Plaintiff's proffered reason for the expedited discovery—the need to identify the Individual Jailers responsible for violating his rights before the "impending service deadline" of October 11, 2021—is not valid. Dkt. 19 at 2. As noted, the District Court granted Plaintiff's motion to extend the Rule 4(m) deadline to serve any defendants "that have not been served" from October 10, 2021, to January 8, 2022. Dkt. 18. Accordingly, there is no longer an "impending service deadline." *See Document Operations, L.L.C.*, 2021 WL 3729333, at *4 (vacating district court's order granting expedited discovery where "good cause for expedited discovery ceased to exist").

In addition, before Plaintiff filed this Motion, Williamson County provided Plaintiff a list of eleven Williamson County officers who were involved in or present during Plaintiff's arrest and detention. *See* Dkt. 19-1 at 15-16. Williamson County also described each officer's role in Plaintiff's arrest and detention. Specifically, Williamson County's counsel emailed Plaintiff's counsel on August 24, 2021, with the following information:

> To the best of our knowledge, below is a list of jailers with their roles in relation to Mr. Acosta's booking/medical treatment. At this time, we cannot guarantee complete accuracy of the individuals and the names/roles are subject to change after discovery and further investigation.
>
> 1. Officer Alyssa Hoffman (allegedly closed the door on Acosta's finger)
>
> 2. Med. Officer Jose Garza (evaluated and treated the finger)
>
> 3. Ariel Korn (evaluated and treated the finger)
>
> 4. Lt. Ruben Vela (Spoke with Mr. Acosta about his medication and advised him that he had contacted his family, who could bring his medication to the jail. Authorized for Mr. Acosta to be housed in medical security due to him complaining of back problems after he completed his phone calls to his family.)

5. Sgt. Fernando Morales (had a conversation with Mr. Acosta about how he could get his medication and helped him with the phone.)

6. Sgt. Steven Gibson (stood by to assist If needed)

7. Officer Cesar Sierra (stood by to assist If needed)

8. Officer Texana Holmes (was involved with intake process and stood by to assist if needed after Mr. Acosta was seated in the booking bench getting his finger treated.)

9. Officer Michael Herrera (was present during initial examination and treatment)

10. Sgt. Lakieta Bullock (was present during initial examination and treatment)

11. Lt. Doug Wheless (examined injury the day following the initial treatment)

*Id.* The Court finds that, at this stage of the lawsuit, Williamson County has sufficiently identified the officers involved in Plaintiff's arrest and detention.

In addition, although Plaintiff argues that his expedited discovery request is limited to the discovery of information needed to identify the individual jailers involved in Plaintiff's arrest and detention, his specific request to the Texas Commission on Jail Standards is much broader. Plaintiff seeks:

> Copies of all documents, emails and electronic files, audio recordings, video recordings, photographs, and digital images evidencing and/or regarding Bernardo Acosta's incarceration in the Williamson County jail on May 27, 2021, as well as all investigations related to such incarceration.

Dkt. 19 at 5. The Court finds that Plaintiff's discovery request is overly broad in light of its alleged intended purpose.

Finally, Plaintiff has failed to present any other compelling reason for the expedited discovery request, such as a pending motion for a preliminary injunction. *See Stockade*, 2017 WL 2635285,

at *2 (finding that plaintiff did not show good cause to permit limited expedited discovery where "[a] preliminary injunction is not pending, and the proffered purpose for requesting the expedited discovery is not compelling"). Accordingly, Plaintiff has not met his burden to show that good cause exists to permit expedited discovery.

### III.  Conclusion

Based on the foregoing, Plaintiff's Opposed Motion for Leave to Conduct Limited Document and Recordings Discovery from the Texas Commission on Jail Standards (Dkt. 19) is **DENIED**.

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on September 23, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE