# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BERNARDO ACOSTA,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:21-cv-00615-LY |
| WILLIAMSON COUNTY, TEXAS<br>and ALYSSA HOFFMAN,<br>*Defendants* | §<br>§<br>§ | |

## ORDER

Now before the Court are Plaintiff's Motion to Compel Responses to Requests for Admission Against Defendant Williamson County, Texas, filed September 19, 2022 (Dkt. 85); Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Interrogatories Against Defendant Williamson County, Texas, filed September 28, 2022 (Dkt. 89); Plaintiff's Motion for Production Against Defendant Williamson County, Texas for Documents Related to Incident Investigations and Incident Communications, filed September 29, 2022 (Dkt. 90); and response and reply briefs for each of Plaintiff's three motions. The District Court referred the motions to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkts. 86, 94.

## I.    Background

Plaintiff Bernardo Acosta filed this suit against Williamson County, Texas (the "County") and Williamson County Jail Officer Alyssa Hoffman after his left ring finger was broken at the jail following his arrest for the offense of driving while intoxicated on May 27, 2021. Acosta alleges that he notified jailers he suffered from psychiatric and sleep disorders but was refused required medical treatment. Acosta asserts claims for negligence and failure to accommodate under the

Americans with Disabilities Act ("ADA") and the Rehabilitation Act against Williamson County; and claims for excessive force under the Fourth, Eighth, and Fourteenth Amendments and state law claims for assault and battery against Officer Hoffman. *See* Dkts. 34, 79. The discovery deadline is March 29, 2023, and trial is set for the month of October 2023. Dkt. 72.

Acosta now moves the Court to compel the County to produce documents and respond to certain of his discovery requests. The County opposes the motions.

## II.    Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## III.    Analysis

Having considered the record and arguments of the parties, the Court enters the following Order.

## A. Requests for Admission

Acosta propounded 52 Requests for Admission on the County, which responded to each request.[1] As clarified in his reply brief (Dkt. 92), Acosta moves to compel the County to amend its responses to his Requests for Admission Nos. 2, 3, 11, 15, 19, and 21, reproduced below:

> **REQUEST FOR ADMISSION 2**: Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Defendant Alyssa Hoffman used the property of Williamson County, Texas (the jail door) to injure Plaintiff.
>
> **ANSWER:** The County admits that Plaintiff's finger was injured in the County jail but denies that Defendant Alyssa Hoffman used any property of the County to injure Plaintiff. The County objects to the remainder of this request as irrelevant and a misstatement of the law.
>
> **REQUEST FOR ADMISSION 3:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Defendant Alyssa Hoffman used the property of Williamson County, Texas to imprison Plaintiff.
>
> **ANSWER:** The County admits Plaintiff was detained in the County jail but denies that Defendant Alyssa Hoffman used any property of the County to "imprison" Plaintiff. The County objects to the remainder of this request as irrelevant and a misstatement of the law.
>
> **REQUEST FOR ADMISSION 5:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Williamson County, Texas received federal funds in the year 2021.
>
> **ANSWER:** The County admits it received funds from the federal government in 2021. The County objects to the remainder of this request as irrelevant and a misstatement of the law.
>
> **REQUEST FOR ADMISSION 11:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Plaintiff told any of Defendant's employees that he needed a continuous positive airway pressure machine (CPAP) prior to sustaining his injuries on May 27, 2021 - May 28, 2021.
>
> **ANSWER:** The County admits <u>Plaintiff asked for a continuous positive airway pressure machine (CPAP) on May 27, 2021 - May 28, 2021.</u> The County objects to the remainder of this request as irrelevant and a misstatement of the law.
>
> **REQUEST FOR ADMISSION 15:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that the jail cell door operated by Defendant Hoffman injured Plaintiff on May 27, 2021 - May 28, 2021.

---

[1] Pursuant to Local Rule CV-36, parties are limited to 30 requests for admissions.

**ANSWER:** The County denies the request as phrased but admits Plaintiff's finger was injured on May 27, 2021 and that Plaintiff claims his finger was injured by the jail cell door. The County objects to the prefatory portion of this request as irrelevant and a misstatement of the law.

**REQUEST FOR ADMISSION 19:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Plaintiff had a qualifying disability on May 27, 2021 - May 28, 2021.

**ANSWER:** After a reasonable inquiry, the information known or readily obtainable is insufficient to enable the County to admit or deny this request. The County objects to the prefatory portion of this request as irrelevant and a misstatement of the law.

**REQUEST FOR ADMISSION 21:** Admit to the Judge and the jury, under penalty of a re-allocation of expenses under Fed. R. Civ. P. 37, that Plaintiff was denied the benefits of services, program or activities for which Williamson County, Texas is responsible.

**ANSWER:** The County denies this request and objects to the prefatory portion of this request as irrelevant and a misstatement of the law.

Dkts. 85-2, 87-1. Acosta argues that "Defendant's numerous unfounded objections should be overruled, all disputed requests adequately responded to, and Plaintiff now asks the Court to order defendant to fully respond to the following requests." Dkt. 92 at 3.

The Court finds the County's responses to the six Requests for Admission at issue to be sufficient. Accordingly, Plaintiff's Motion to Compel Responses to Requests for Admission Against Defendant Williamson County, Texas (Dkt. 85) is **DENIED**.

**B. Interrogatories**

Acosta "moves this Court to overrule Defendant's objections and order Defendant to fully respond" to Interrogatories Nos. 7, 12, 16, and 17.[2] Dkt. 89 at 6. The Court addresses in turn each of the challenged interrogatory responses. Dkt. 89-2, 93-1.

---

[2] Acosta dropped from his reply brief his request to compel a further response to Interrogatory No. 4, to which the County has served an amended response. *See* Dkt. 93 at 4; Dkt. 97 at 2, 4.

### 1.  <u>Interrogatory No. 7</u>

**INTERROGATORY NO. 7:** Describe all communications of which Defendant is aware concerning the allegations in the Complaint and the Answer.

>   **ANSWER:** If Plaintiff will narrow this request, the County will endeavor to respond.
>   Beyond this, the County objects to this Interrogatory on the grounds it is vague, overbroad, not relevant, and not proportional to the needs of this case, considering the issues at stake in the action and the importance of the requests discovery in resolving the issues. The County also objects to this interrogatory to the extent it seeks information that is protected by the attorney-client and/or attorney work product protection doctrine.

While the nature of Acosta's objection to this response is not entirely clear, he asserts that: "Defendant has not disclosed the existence of any text message, WhatsApp messages, email communications, or any other kinds of communications. The contents of these communications are absolutely relevant and proportional to the needs of the case." Dkt. 89 at 2. The County responds by pointing out that it has produced more than 600 pages of documents related to Acosta's allegations, including the Incident Report and officer statements, and arguing that it is "unclear how a description of all 'communications' in this case would be proportional to the needs of this case or advance the case in any meaningful way." Dkt. 93 at 6.

The Court agrees with the County. While Acosta may request production of relevant communications, requiring a party to also describe such documents is not proportional to the needs of this case and the burden of doing so would outweigh its likely benefit pursuant to Rule 26(b)(1). Plaintiff's motion to compel is **DENIED** as to Interrogatory No. 7.

### 2.  <u>Interrogatory No. 12</u>

**INTERROGATORY NO. 12:** State whether Defendant has performed any investigations or received any reports concerning the subject matter of the incident made the basis of this lawsuit, and if so, for each such investigation or report, set forth:
>   a.  The date of each investigation, or receipt of each report;
>   b.  The nature and scope of the investigation or report in precise detail;
>   c.  The identity of any and all letters, memorandum, reports and other documents regarding the performance of any investigation conducted

by Defendant, concerning the subject matter of this complaint, and attach a copy of each to the answers to these interrogatories; and

d.  If the answer to any of the above subparagraphs is in the negative, explain in precise detail why no investigation was conducted.

**ANSWER:** With respect to non-privileged reports, the County will produce the incident report and officer statements related to the subject incident.

Beyond this, the County objects to this Interrogatory to the extent it calls for information protected by the attorney-client and/or work-product privileges.

Acosta submits that: "There is no internal affairs investigation documents or other documents that would inform Plaintiff as to the subsequent investigations that Defendant conducted of the incident or who conducted them. . . . If Defendant failed to conduct any internal affairs investigation, or any other investigation, it should so state." Dkt. 97 at 2. The County responds that it produced the Incident Report and officer statements for the incident forming the basis to this suit on May 5, 2022, "and those documents contain all the information Plaintiff seeks in this interrogatory." Dkt. 93 at 8. The County also contends that this interrogatory, particularly subpart (c), is more appropriate as a request for production.

The Court agrees that most of the information sought in this interrogatory would be more appropriate as a request for production and in fact appears to be addressed in Request for Production No. 19, discussed below. Nevertheless, Plaintiff's motion to compel is **GRANTED IN PART** to the extent that the County is hereby **ORDERED** to amend its response to Interrogatory No. 12 to identify any investigation it has performed or report it has received concerning the incident forming the basis to this suit that is not protected from disclosure by the attorney-client or work product privileges, including the date of any such investigation or receipt of any such report, by **November 18, 2022**. Plaintiff's Motion to Compel otherwise is **DENIED** as to Interrogatory No. 12.

### 3.  <u>Interrogatory No. 16</u>

**INTERROGATORY NO. 16:** With respect to each meeting, conversation or discussion, however informal, at which time the subject matter of the claims made in this lawsuit, was discussed by officers, staff, and/or supervisors of Defendant, set forth:

     a.   The date of the meeting, conversation or discussion;

     b.   The name and address of each participant of the meeting (including job title), conversation or discussion; and

     c.   A detailed description of what was said by whom.

     d.   What qualifications/licenses each person has with the State of Texas.

    **ANSWER:** Pursuant to Federal Rule of Civil Procedure 33, with respect to non-privileged reports, the County will produce the incident report and officer statements related to the subject incident.

    The County objects to this Interrogatory as it is beyond the number of allowed interrogatories, including discrete subparts, pursuant to rule 33(a) of the Fed. R. Civ. Pro. The County further objects this Interrogatory on the grounds that it seeks information equally available to Plaintiff and to the extent Plaintiff seeks to impermissibly shift the burden and costs of obtaining third-party records to the County. The County objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because the proposed discovery is not reasonably limited in scope or time as it seeks information from "each meeting, conversation or discussion". The County also objects to this Interrogatory on the grounds it is overbroad and unduly burdensome because it improperly requests the County to marshal all its evidence in response to a written request. The County further objects to this Interrogatory on the grounds that it calls for a narrative response and seeks to limit the County's testimony at trial.

Acosta contends that "Defendant's answer is completely nonresponsive and should be supplemented." Dkt. 97 at 3. The County responds that this interrogatory is overbroad; improperly directed to the County, when it should have been directed to the only remaining individual defendant, Officer Hoffman; and "seeks information that is properly obtained through deposition testimony and not through an interrogatory response." Dkt. 93 at 10.

The Court agrees that Interrogatory No. 16 is overbroad and finds that the burden of answering this interrogatory would outweigh its likely benefit under Rule 26(b)(1). Therefore, Plaintiff's motion to compel is **DENIED** as to Interrogatory No. 16.

#### 4.  <u>Interrogatory No. 17</u>

**INTERROGATORY NO. 17:** Describe fully and in complete detail each and every fact upon which you base each and every one of your separate defenses, stating each one separately, and identify all documents which reflect, refer to, or discuss the allegations of the complaint or Defendant's actions and the actions of Alyssa Hoffman, Jose Garza, Ariel Korn, Ruben Vela, Roberto Rodriguez, and Fernando Morales, and attach copies of each to the answers to these interrogatories.

> **ANSWER:** This interrogatory is so vague, overbroad, and unclear that the County cannot respond to it. Accordingly, the County objects to this Interrogatory on the grounds it is overbroad and unduly burdensome because it improperly requests the County to marshal all its evidence. The County also objects to this Interrogatory as it is beyond the number of allowed interrogatories, including discrete subparts, pursuant to rule 33(a) of the Fed. R. Civ. Pro.
>
> The County further objects to the requested information for Dismissed Individuals and Dismissed Claims. See Preliminary Statement No. 1.

In his reply brief, Acosta concedes that the County must answer this interrogatory only as to Hoffman, the sole individual defendant remaining in the case. Dkt. 97 at 3.

The County objects that this interrogatory is premature in that it has not yet deposed Acosta and also "improperly and prematurely seeks to require the County to offer legal conclusions and marshal evidence before trial." Dkt. 93 at 11.

Acosta's Motion to Compel is **GRANTED IN PART** to the extent that the County is **ORDERED** to amend its response to Interrogatory No. 17 to "identify all documents which reflect, refer to, or discuss the allegations of the complaint or Defendant's actions and the actions of Alyssa Hoffman" by **November 18, 2022**. *See B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (stating that "questions seeking the identification of witnesses or documents are not contention interrogatories"). Otherwise, Acosta's Motion to Compel is **DENIED** as to Interrogatory No. 17. This denial is without prejudice to Acosta propounding an appropriate contention interrogatory at a later stage of discovery, to the extent that he has not exceeded the interrogatory limit of Rule 33(a)(1), which the Court does not reach in this Order.

## C. Documents

Finally, Acosta asks the Court to compel the County "to adequately respond" to his Requests

for Production Nos. 19 and 22. Dkt. 96 at 3. The requests and responses at issue are:

> **REQUEST FOR PRODUCTION NO. 19:** All documents reflecting any
> investigation into the incidents which form the basis of this action that were
> conducted in the ordinary course of business of the Defendants.
> **RESPONSE:** Excluding any documents protected by the attorney-client and/or
> the work-product privilege, none.
> Beyond this, the County objects that discovery only recently began, and the
> County has not completed its investigation. Additionally, the County has not (and
> is not yet required to) designate its testifying experts. The County further objects to
> this request to the extent it calls for the disclosure of information beyond what is
> allowed by Federal Rule of Civil Procedure 26 and information protected by the
> attorney-client and/or the work-product privileges.
>
> **REQUEST FOR PRODUCTION NO. 22:** Produce a true and correct copy of any
> correspondence or communication (including e- mails) regarding the incident made
> the basis of this lawsuit.
> **RESPONSE:** The County will supplement its Response if Plaintiff clarifies
> and narrows his request.
> The County objects to this request as vague and ambiguous with respect to "any
> correspondence or communication (including e-mails) regarding the incident." The
> County also objects to this request on the grounds it is overly broad and not
> proportional to the needs of this case because it seeks materials that are not
> important in resolving the issues in the present action or relevant to any Party's
> claims or defenses. *See* Preliminary Statement No. 1 and Objections to Definition
> Statement No. 4.
> The County also objects to this request to the extent it seeks information which
> is protected by the attorney-client and/or attorney work product protection doctrine.
> **FIRST SUPPLEMENTAL RESPONSE:** None.

Dkts. 90-2, 95-1.

In its response brief, the County admits that it "should have been clearer in the phrasing of its

original response" to Request for Production No. 19, but also contends that Acosta incorrectly

conflates the County's investigation into the existence of responsive documents with its

investigation of the May 27, 2021 incident giving rise to Acosta's lawsuit. Dkt. 95 at 4.

Nonetheless, the County states that it has searched for and produced all documents responsive to

Request for Production No. 19, including the Incident Report and all officer statements. *Id.*

Similarly, as to Request for Production No. 22, the County states that it discovered no e-mail communications bearing specifically on the May 27, 2021 incident involving Plaintiff. *Id.* at 6. The County further avers that: "To the extent that the County discovered communications that were even remotely connected to this litigation and were not protected by the attorney-client privilege, the County produced those records to Plaintiff." Dkt. 95 at 7.

Plaintiff's Motion for Production Against Defendant Williamson County, Texas for Documents Related to Incident Investigations and Incident Communications is (Dkt. 90) is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent that the County is hereby **ORDERED** to supplement its response to Request for Production No. 19 by **November 18, 2022**. Plaintiff's Motion for Production in all other respects is **DENIED**.

## IV.    Summary

- Plaintiff's Motion to Compel Responses to Requests for Admission Against Defendant Williamson County, Texas (Dkt. 85) is **DENIED**.

- Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Interrogatories Against Defendant Williamson County, Texas (Dkt. 89) is **GRANTED IN PART and DENIED IN PART**, as detailed above.

- Plaintiff's Motion for Production Against Defendant Williamson County, Texas for Documents Related to Incident Investigations and Incident Communications (Dkt. 90) is **GRANTED IN PART and DENIED IN PART**, as detailed above.

Any relief not expressly granted in this order is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this case be **REMOVED** from the Magistrate Court's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

**SIGNED** on November 4, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE