# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **BERNARDO ACOSTA,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | **CIVIL NO. 1-21-CV-615-LY** |
| **WILLIAMSON COUNTY, TEXAS and** § | |
| **ALYSSA HOFFMAN,** § | |
| *Defendants* § | |

## O R D E R

Now before the Court are Plaintiff's Motion for Production against Defendant Alyssa Hoffman for Documents Related to Incident Investigations and Incident Communications, filed March 20, 2023 (Dkt. 103); Defendant's Response, filed March 27, 2023 (Dkt. 105); and Plaintiff's Reply, also filed March 27, 2023 (Dkt. 106).[1] The District Court referred the motion and related filings to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 104.

### I.   Background

Plaintiff Bernardo Acosta was arrested for the offense of driving while intoxicated and booked into the Williamson County Jail by Officer Alyssa Hoffman at 9:38 p.m. on May 27, 2021. Dkt. 105-2. Acosta alleges that while he was detained overnight, Williamson County officers failed to provide him with mental health and medical care for his alleged Post Traumatic Stress Disorder and sleep apnea, and Hoffman intentionally slammed his finger in the holding cell door. Dkt. 34 at 1. Acosta asserts claims against the County under the Americans with Disabilities and

---

[1] Plaintiff's Reply is single-spaced. The Court hereby **ORDERS** Plaintiff to double-space any further briefs he files with the Court.

Rehabilitation Acts and for negligence, and claims against Hoffman for excessive force and assault and battery. *See* District Court's Order on Report and Recommendation of the United States Magistrate judge and Order Granting Motion to Cure the Style of the Action, Dkt. 79 at 4.

Acosta now moves the Court to compel Hoffman to "fully produce documents and respond" to two requests for production:

> **Request for Production No. 14:** Produce all text messages from your cell phone from May 26, 2021 to May 28, 2021. Alternatively, provide an executed copy of the enclosed cellular phone authorization form.

Hoffman objects to this request on several grounds, including that it is overbroad, not reasonably limited in time or scope, not proportional to the needs of the case, and an unnecessary invasion of her privacy. Dkt. 105-5 at 8.

> **Request for Production No. 15:** Produce all text messages pertaining to Plaintiff sent or received on your cell phone. If you have deleted any messages at all, please provide evidence of said deletion.

Subject to many of the same objections, Hoffman responded that she does not delete her text messages and produced one message referencing Acosta dated August 25, 2021. *Id.* In pertinent part, the text message states:

> But I have to go to sleep early cause I have my first meeting for that Acosta thing in the morning 😩

Dkt. 105-4.

## II.   Legal Standard

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir.

2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

The party resisting discovery bears the burden to show that the discovery sought is irrelevant or not proportional to the needs of the case. *See McLeod, Alexander, Power & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Hunt Constr. Grp. v. Cobb Mech. Contractors, Inc.*, No. A-17-CV-215-LY, 2018 WL 5311380, at *3 (W.D. Tex. Oct. 25, 2018); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 436 (N.D. Tex. 2016).

### III. Analysis

The parties do not dispute that Hoffman was not issued a work cell phone. In Request for Production No. 14, Acosta seeks all text messages sent from Hoffman's personal cell phone from May 26, 2021 to May 28, 2021.

Hoffman argues that a request for personal text messages before Acosta's arrival at the Williamson County jail at 9:38 p.m. on May 27, 2021 is "obviously overbroad" and irrelevant. Dkt. 105 at 4. The Court agrees. The Court further finds that Hoffman has met her burden to show that any text messages she sent after Acosta's booking are relevant only if they pertain to Acosta, which are encompassed in Request for Production No. 15, or to the facts of this case.

Therefore, the Court **GRANTS IN PART** Plaintiff's Motion for Production as to Request for Production No. 14 to the extent that Hoffman must produce any text messages sent from her phone concerning the facts of this case from 9:38 p.m. on May 27, 2021 through May 28, 2021.

Request for Production No. 15 seeks "all text messages pertaining to Plaintiff" sent or received on Hoffman's cell phone. Hoffman represents that she "performed a search on her phone for any text messages related to Plaintiff" and produced the only text message in which he was mentioned, shown above. Dkt. 105 at 7. The responsive message, sent nearly three months after Acosta's arrest, states in part: "I have to go to sleep early cause I have my first meeting for that Acosta thing in the morning." Dkt. 105-4.

Acosta moves to compel "the rest of the conversation as it relates [to] the request." Dkt. 103 at 7. Hoffman avers that the text message exchanges before and after the produced message are irrelevant "personal and private messages between two individuals in a relationship" that "bore no connection to Plaintiff." Dkt. 105 at 8. The context of the produced text message exchange, including photos, supports Hoffman's representation that the conversation is neither relevant nor responsive to the request. Because Hoffman has complied with Request for Production No. 15 by searching for and producing "all text messages pertaining to Plaintiff sent or received on [her] cell phone," Plaintiff's Motion for Production is **DENIED** as to Request for Production No. 15.

### IV. Conclusion

For these reasons, Plaintiff's Motion for Production against Defendant Alyssa Hoffman for Documents Related to Incident Investigations and Incident Communications (Dkt. 103) is **GRANTED IN PART and DENIED IN PART**. Defendant Alyssa Hoffman is hereby **ORDERED** to produce any text messages about the facts of this case sent from her cell phone from 9:38 p.m. on May 27, 2021 to May 28, 2021 **on or before April 12, 2023**. Plaintiff's Motion in all other respects is **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the Magistrate Court's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

**SIGNED** on March 28, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE