# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BERNARDO ACOSTA,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:21-cv-00615-DII |
| **WILLIAMSON COUNTY, TEXAS and ALYSSA HOFFMAN,** *Defendants* | § § § | |

## ORDER

Now before the Court are Plaintiff's Motion for Production Against Defendant Williamson County, Texas, for Documents Related to Prior Settlement Agreements, filed April 12, 2023 (Dkt. 109), and Defendant Williamson County's Response, filed April 19, 2023 (Dkt. 111).[1]

### I.   Background

Plaintiff Bernardo Acosta filed this suit against Williamson County, Texas and several individual defendants, including Williamson County Jail Officer Alyssa Hoffman, after his left ring finger was broken at the jail following his arrest for the offense of driving while intoxicated on May 27, 2021. Acosta alleges that he notified jailers he suffered from psychiatric and sleep disorders but was refused required medical treatment. In his Second Amended Complaint, Acosta asserted claims against all defendants for excessive force under the Fourth, Eighth, and Fourteenth Amendments, as well as state-law claims for negligence and gross negligence; claims against the County for discrimination, deliberate indifference to medical care under the Due Process Clause of the Fourteenth Amendment, and failure to accommodate under the Americans with Disabilities

---

[1] The District Court referred the motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 110.

  Both briefs are overlength. The Court reminds the parties that Local Rule CV-7(c)(2) limits discovery motions to 10 pages.

1

Act ("ADA") and the Rehabilitation Act; and state-law claims for assault and battery against the individual defendants. Dkt. 34.

The defendants moved to dismiss. The District Court adopted this Court's Report and Recommendation and dismissed all of Acosta's claims except his ADA, Rehabilitation Act, and negligence claims alleged against the County, and his claims of excessive force and assault and battery alleged against Hoffman. Dkt. 79. Jury trial is set for October 2023. Dkt. 72.

In the latest of the parties' discovery disputes, Acosta moves to compel production of all settlement agreements involving claims of excessive force into which the County has entered since January 1, 2015. The County argues that this discovery is outside the scope of Rule 26 because prior settlements agreements "are unrelated and irrelevant to this case." Dkt. 111 at 2.

## II. Legal Standards

Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

While the scope of discovery generally is broad, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope of Rule 26(b)(1)."

2

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a). The moving party bears the burden to show that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Earl v. Boeing Co.*, 515 F. Supp. 3d 590, 599 (E.D. Tex. 2021); *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019). Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show "how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

"The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)). A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

### III.     Analysis

Acosta moves to compel the County to produce the following documents:

> **REQUEST FOR PRODUCTION NO. 92**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims from January 1, 2015, to present.
>
> **REQUEST FOR PRODUCTION NO. 93**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims involving law enforcement officers from January 1, 2015, to present.
>
> **REQUEST FOR PRODUCTION NO. 94**: Please produce any and all settlement agreements entered into by Williamson County,

Texas, related to excessive force claims involving the use of deadly force from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 95**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims involving individuals with mental health issues from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 96**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims involving individuals with disabilities from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 97**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims that resulted in serious bodily injury from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 98**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims that resulted in property damage from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 99**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims that resulted in emotional distress from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 100**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims that involved the use of force in a correctional facility from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 101**: Please produce any and all settlement agreements entered into by Williamson County, Texas, related to excessive force claims that involved the use of force during a mental health crisis intervention from January 1, 2015, to present.

**REQUEST FOR PRODUCTION NO. 102**: Please produce any and all invoices or bills for legal services rendered by defendants' counsel in connection with this matter, including fees, costs, and expenses.

Dkt. 109-2 at 7-9. The County objected that each request is "overbroad, not reasonably limited in time or scope, not proportional to the needs of the case, constitutes an impermissible and

4

speculative fishing expedition, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence." *Id.* (citation omitted).

A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "Although under Federal Rule of Evidence 408, settlement agreements are not admissible at trial to prove liability, state and federal courts have held that settlement agreements are discoverable to the extent that they are relevant." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009) (collecting cases).

Acosta argues that settlement agreements in other cases are relevant to his excessive force claims under § 1983 because (1) "they tend to demonstrate a pattern or practice of the use of excessive force by the defendants and can help to establish the defendants' state of mind," and (2) evidence of prior violations can be used to show that the defendants were "deliberately indifferent to the need for proper training of its employes." Dkt. 109 at 8. But the District Court dismissed Acosta's excessive force, deliberate indifference, and failure to train and supervise claims against all defendants but Hoffman. Dkt. 79 at 3. Thus, discovery related to excessive force, deliberate indifference, and failure to train are no longer relevant to his claims against the County.

While Acosta's claim of excessive force against Hoffman remains for trial, she testified at deposition that no excessive force claim other than this lawsuit had ever been filed against her. Hoffman Tr. at 80:22-25, 82:18-23, Dkt. 111-4 at 5-6. For that reason, production of all previous settlement agreements would not be relevant to Acosta's excessive force claim against Hoffman or her state of mind.

For these reasons, the Court finds that Acosta has failed to show that all County settlement agreements in excessive force cases since 2015 are relevant to any claim or defense in this suit.

*See, e.g.*, *Morris v. Aircon Corp.*, No. 9:16-CV-35, 2016 WL 7665418, at *2 (E.D. Tex. Dec. 29, 2016) (denying motion to compel production of settlement agreement where movant failed to show how settlement agreements related to a claim or defense in the suit); *In re Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, Nos. W-13-MC-081, 11-CV-01239 AW, 2013 WL 8367788, at *2 (W.D. Tex. Apr. 5, 2013) (denying motion to compel third-party settlement agreement where movant failed to show relevance).

Acosta also argues that other settlement agreements are relevant because "[s]ettlement agreements in other cases can inform the Court's determination of the appropriate remedy in this case, including the amount of damages to be awarded and any injunctive relief that may be necessary to prevent future violations." Dkt. 109 at 9. Because no judgment has been entered against Defendants, any such relevance is not ripe. A settlement agreement sought for evaluation of a case and potential future settlement is not "relevant to the merits of a claim or defense" and therefore not discoverable now. *Williams v. Jeld-Wen, Inc.*, 2022 WL 509373, No. 1:17-CV-01366, at *4 n.3 (W.D. La. Feb. 18, 2022) (quoting *Morris*, 2016 WL 7665418, at *2).

Because Acosta has not shown that the County's settlement agreements in previous unrelated cases are relevant to the claims or defenses in this case, the Motion to Compel is **DENIED**.

### IV.   Conclusion

Plaintiff's Motion for Production Against Defendant Williamson County, Texas for Documents Related to Prior Settlement Agreements (Dkt. 109) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be **REMOVED** from the Magistrate Court's docket and **RETURNED** to the Honorable District Court.

**SIGNED** on June 6, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE