UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BERNARDO ACOSTA, § | |
| *Plaintiff*, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. 1:21-CV-00615-DII |
| § | JURY DEMANDED |
| WILLIAMSON COUNTY, TEXAS AND § | |
| ALYSSA HOFFMAN, § | |
| *Defendants*. § | |
| § | |

**DEFENDANTS WILLIAMSON COUNTY, TEXAS, AND ALYSSA HOFFMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW Defendants Williamson County, Texas ("the County") and Officer Alyssa Hoffman ("Hoffman") (collectively, "Defendants"), and file their Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint. In support thereof, Defendants respectfully offer the following:

**I.
STATEMENT OF THE CASE**

Plaintiff Bernardo Acosta ("Acosta") filed his Original Complaint in this lawsuit on July 12, 2021. ECF No. 1. On September 27, 2021, Acosta filed a Second Amended Complaint in which he asserted (1) excessive use of force claims under the Fourth, Eighth, and Fourteenth Amendments, in addition to state law claims for negligence and gross negligence against the County and various Williamson County Sheriff's personnel, including Defendant Hoffman, Jose Garza, Ariel Korn[1], Ruben Vela, Roberto Rodriguez, and Fernando Morales, (2) claims against the County for deliberate indifference to medical care under the Due Process Clause

---

[1] Then-Medical Sergeant Korn has since married and will hereinafter be referred to as "Medical Sgt. Gibson."

of the Fourteenth Amendment, discrimination and failure to accommodate under the Americans with Disabilities Act (hereinafter, "ADA") and the Rehabilitation Act (hereinafter, "RA"), and (3) state law claims for assault and battery against the individuals previously named above. *See generally* ECF No. 34. Acosta's claims stem from his allegation that Defendant Hoffman intentionally closed a cell door on Acosta's finger, that the County was deliberately indifferent to Acosta's serious medical needs when the County denied Acosta access to his PTSD medication and CPAP machine, and that the County engaged in policies, practices, and customs that resulted in Acosta not receiving medical care. *See generally* ECF No. 34.

On January 6, 2022, the Court entered a scheduling order in which it set an amended or supplemental pleadings deadline of September 30, 2022. ECF No. 72 at 1. After Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint, the Court entered an order on April 26, 2022, in which it adopted the Magistrate Judge's report and recommendation and dismissed all of Acosta's claims apart from (1) an excessive use of force claim under the Fourteenth Amendment against Hoffman, (2) an assault and battery claim against Hoffman, (3) claims against the County for violations of the Americans with Disabilities Act and Rehabilitation Act, and (4) a claim against the County for negligence. ECF No. 79.

After obtaining a brief extension, Defendants filed their motion for summary judgment on May 10, 2023. Upon reviewing Defendants' dispositive motion and preparing his response, Plaintiff sought leave to file a third amended complaint on June 6, 2023—nearly 9 months after the expiration of the September 30, 2022 amended pleadings deadline and almost two months after the dispositive motion deadline. Defendants now file their response in opposition to Plaintiff's motion for leave to file a third amended complaint.

## II.
### ARGUMENT AND AUTHORITIES

In his motion for leave, Plaintiff relied upon the wrong federal rule for determining whether he should be granted leave to amend his complaint for a third time when he cited Federal Rule of Civil Procedure 15. "The decision to grant or deny a motion to amend pleadings is entrusted to the sound discretion of the district court." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Nevertheless, "Federal Rule of Civil Procedure 16(b) governs amendments of pleadings once a scheduling order has been issued by the district court." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises L.L.C.*, 315 F.3d at 536.

The Court considers four factors when considering whether good cause exists to modify the scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Fahim v. Marriott Hotel Svs, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *Southwestern Bell Tel. Co. v. El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). When a plaintiff's motion for leave to file an amended complaint "is presented after undue delay or when it would occasion undue prejudice to the opposing party, the denial of leave is a proper exercise of the district court's discretion." *Ross v. Houston Independent School Dist.*, 699 F.2d 218, 228 (5th Cir. 1983).

Here, the Court entered a scheduling order governing the deadlines in this case on January 6, 2022. ECF No. 72. The scheduling order provided that any amended or supplemental pleadings by the parties were to be filed by September 30, 2022. ECF No. 72 at 1. Moreover, the scheduling order established a dispositive motion deadline of April 26, 2023. ECF No. 72 at 3. Conveniently, only after Defendants filed their motion for summary judgment on May 10, 2023 (following a brief extension), and after the dispositive motion deadline had run, did Plaintiff seek leave to file a third amended complaint in which he made several substantive changes to his complaint. Thus, Plaintiff's motion for leave to file a third amended complaint should be considered using the more demanding "good cause" standard as articulated in Federal Rule of Civil Procedure 16(b). Under that standard, Plaintiff has not demonstrated good cause for the third amendment of his complaint nearly nine months after the amended pleadings deadline had passed.

First, Plaintiff's motion contains no explanation for his failure to timely move for leave to amend the current scheduling order or his failure to timely move for leave to file a third amended complaint. While Plaintiff listed the filing dates for his Original Complaint and Second Amended Complaint in his motion, he noticeably omitted any discussion of the Court's September 30, 2022 amended pleadings deadline. Plaintiff also did not move for leave to amend the scheduling order, so the January 6, 2022 scheduling order still governs all deadlines in this case, including the amended pleadings deadline which has long since expired. Furthermore, in his proposed third amended complaint (*see* ECF No. 119-2), Plaintiff added several references to Williamson County Sheriff's Office policies that Defendants produced to Plaintiff on May 5, 2022, and July 14, 2022. ECF No. 119-2 at 19–32. Thus, there is no

reason why Plaintiff could not have sought leave to amend his complaint for a third time before the amended pleadings deadline apart from Plaintiff's obvious undue delay.

Second, Plaintiff's new attempt to assert his assault and battery claim (which was originally brought against Defendant Hoffman) against the County would be futile. According to his motion for leave, Plaintiff's sole basis for seeking leave to amend his complaint appears to be "Defendants' invoking § 101.106(f) of the Civil Practice[] and Remedies Code, which provides a nonmovant 30 days to amend its pleading if a state tort claim could have been brought against the governmental entity." ECF No. 119 at 1. Specifically, Plaintiff is referring to Defendants' argument in their motion for summary judgment in which Defendants sought the dismissal of Plaintiff's assault and battery claim against Defendant Hoffman. *See* ECF No. 115 at 14–17. Plaintiff's proposed third amended complaint removes the assault and battery claim against Hoffman and asserts the same claim against the County instead. However, even if the County was substituted for Hoffman for Plaintiff's assault and battery claim, Plaintiff's tort claim would still be barred. Under the Texas Tort Claims Act, the "limited waiver [of immunity] *does not apply to intentional torts, including claims 'arising out of assault, battery, false imprisonment, or any other intentional tort*." *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 101.057(2)) (emphasis added). Because Plaintiff's assault and battery claim would still be barred regardless of whether he brought it against Hoffman or the County, Plaintiff's amendment to his pleading would be futile.

Third, Defendants would be prejudiced were the Court to permit Plaintiff to file a third amended complaint at this late date. Despite implying to the Court that Plaintiff's re-assertion of his assault and battery claim against the County and not Hoffman was the only basis for

5

amending Plaintiff's complaint, Plaintiff's counsel also took arguments from Defendants' motion for summary judgment, which was filed on May 10, 2023, and attempted to refute those arguments directly in the body of his third amended complaint—effectively making his proposed third amended complaint a duplicate of Plaintiff's response to Defendants' motion for summary judgment. *See* ECF No. 119-2 at 15–18, *see also* ECF No. 115 (*Defendants' Motion for Summary Judgment*); *see also* ECF No. 121 (*Plaintiff's Response to Defendants' Motion for Summary Judgment*). Perhaps more importantly, and as noted above, Plaintiff filed his motion for leave—which included a *new* assault and battery claim against the County (*see* ECF No. 119-2 at 14–18)—*after* the dispositive motion deadline had passed, thus preventing the County from defending against and seeking the dismissal of that claim.

Plaintiff's proposed third amended complaint also included deposition testimony that was objectionable on its face. *See, e.g.,* ECF No. 119-2 at 17. Finally, when compared to his Second Amended Complaint (ECF No. 34), Plaintiff's proposed third amended complaint removed "Individual Jailers . . . Garza, Korn, Vela and Morales" from his "Negligence" cause of action but left Defendant Hoffman as a party against whom he asserted his cause of action for negligence *even though* this Court *dismissed* Plaintiff's negligence cause of action against Hoffman on April 26, 2022. *Compare* ECF No. 34 at 22–23 (*Plaintiff's Second Amended Complaint*) *with* ECF No. 119-2 at 18–32; *see also* ECF No. 79 (*April 26, 2022 Order Adopting Magistrate's Report and Recommendation*). Therefore, Defendants would be unduly prejudiced were the Court to permit Plaintiff to file a third amended complaint nine months after the amended pleadings deadline and nearly two months after the dispositive motion deadline.

Fourth and finally, a continuance is not available to cure the prejudice to Defendants were Plaintiff permitted to file a third amended complaint. Trial in this cause is set for September 29, 2023. Defendants already filed their motion for summary judgment on May 10, 2023, and would thus ask this Court to hold Plaintiff to the agreed trial date pending the Court's review of Defendants' dispositive motion and any dismissal of Plaintiff's claims.

Accordingly, because (1) Plaintiff did not explain his failure to timely move for leave to amend the current scheduling order or his failure to timely move for leave to file a third amended complaint, (2) Plaintiff's amended pleading substituting the County for Hoffman concerning his assault and battery claim would be futile, (3) Defendants would be prejudiced were this Court to allow Plaintiff to amend his pleading for a third time nine months after the amended pleadings deadline passed and two months after the dispositive motions deadline passed, and (4) a continuance is not available to cure the prejudice to Defendants, this Court should deny Plaintiff's motion for leave to file a third amended complaint.

## III.
### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion for leave to file a third amended complaint.

    Respectfully submitted,

    **GERMER BEAMAN & BROWN PLLC**
    One Barton Skyway
    1501 South Mopac Expy, Suite A400
    Austin, Texas 78746
    (512) 472-0288 Telephone
    (512) 472-9280 Facsimile

By: */s/ Evan W. Weltge*
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
Evan W. Weltge
State Bar No. 24110523
eweltge@germer-austin.com

**COUNSEL FOR DEFENDANTS WILLIAMSON COUNTY, TEXAS AND ALYSSA HOFFMAN**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on this 20th day of June, 2023.

George Edwards III *Via E-Mail: george@eslawpartners.com*
Stephany M. Simien *Via E-Mail: stephany@eslawpartners.com*
EDWARDS SUTARWALLA, PLLC
602 Sawyer St. Suite 490
Houston, Texas 77007
george@eslawpartners.com
christine@eslawpartners.com
*Attorneys for Plaintiff*

*/s/ Evan W. Weltge*
Evan W. Weltge

8